UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHEILA A. MILLER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Sally J. Berens

Case No. 1:18-cv-1397

# OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing, among other things, that it was not supported by substantial evidence.

For the following reasons, the Court will **reverse and remand** the Commissioner's decision for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards in making a decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on March 1, 2016, alleging that she had been disabled since April 20, 2015. (PageID.219–22.) Plaintiff was 39 years old at the time of the alleged onset

date. (PageID.219.) Plaintiff was honorably discharged from the Navy after about six years of service. (PageID.58.) Plaintiff's previous jobs included a cashier, auto assembler, and customer service representative. (PageID.59–64.) Plaintiff's application was denied (PageID.146–150), after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.154–56.)

On June 12, 2018, ALJ Lawrence E. Blatnik conducted a hearing and received testimony from Plaintiff and Joanne M. Pfeffer, M.A., an impartial vocational expert. (PageID.52–128.) Plaintiff also presented testimony from Nadine Deeren, an acquaintance who testified about Plaintiff's activities and conditions. (PageID.104–14.) On June 12, 2018, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled within the meaning of the Act. (PageID.34–47.) The Appeals Council denied Plaintiff's request for review on October 17, 2018. (PageID.21–23.) Therefore, the ALJ's ruling became the Commissioner's final decision. 20 C.F.R. § § 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on December 17, 2018.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 20, 2015, the ALJ found that Plaintiff suffered from the following severe impairments: (1) degenerative disc disease; (2) left knee meniscal tear; (3) obesity; (4) depression; (5) bipolar disorder; (6) anxiety disorder; (7) posttraumatic stress disorder; (8) a personality disorder; and (9) history of alcohol/substance abuse. (PageID.37.) The ALJ found that Plaintiff's other conditions, including her history of non-epileptic seizures, were not severe

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

4

impairments as defined by 20 C.F.R. § 416.920(c) (a severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities") because they were "generally well managed with prescribed medication" and did not impair Plaintiff's abilities to perform basic work activities. (PageID.37.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.37–38.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations:

> She can lift or carry 20 pounds occasionally and ten pounds frequently. She can sit, stand and walk for six hours, but requires the ability to change position every 20 to 30 minutes for three to five minutes at a time while remaining at the workstation. She can never climb ladders or scaffolds, can occasionally balance, stoop, crouch and crawl, and can frequently kneel or climb ramps or stairs. She must avoid all exposure to unprotected heights or moving mechanical parts. She can perform simple, routine, repetitive tasks; work that involves only brief, superficial contact with the supervisors or the public; and can deal with simple changes in routine work settings.

(PageID.39.)

The ALJ found that Plaintiff could not perform her past relevant work. However, based on testimony from the vocational expert, the ALJ found that approximately 80,000 mail sorting clerk, 50,000 document specialist, and 150,000 small product assembler jobs existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.46–47.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

**Discussion**

In her appeal, Plaintiff argues that the ALJ erred: (1) in his step-two analysis by failing to find Plaintiff's psychogenic non-epileptic seizures a severe impairment and by failing to include a limitation in the RFC finding for Plaintiff's seizures; (2) by failing to properly consider the effects of Plaintiff's mental impairments; (3) failing to properly evaluate Plaintiff's subjective allegations; and (4) by assigning significant weight to the opinions of Tim Strang, Ph.D., a consultative psychological examiner, and Leonard C. Balunas, Ph.D., a non-examining state agency consultant, but failing to explain why he omitted certain limitations from their opinions in Plaintiff's RFC determination.[2] Because the Court concludes that the ALJ's failure to explain the exclusion of certain limitations from his RFC determination that Dr. Strang identified in his opinion requires a remand, it will limit its analysis to that issue.

In discussing Dr. Strang's opinion, the ALJ stated:

> I give significant weight to the findings of consultative psychological examiner Dr. Strang, in 2018. Dr. Strang found the claimant had severe mental conditions with limitations that were supported by the medical evidence, including the State agency conclusions from Dr. Balunas as described in Exhibit 1A, and which were consistent with the mental limitations included in the RFC adopted herein (EX. 11F). In addition, the claimant's adaptive functioning, which included care of her two children, managing her personal finances and VA disability benefits ability to shop in stores, use of the Internet, and maintaining appropriate interpersonal relationships helped support this conclusion.

(PageID.45.) In his Medical Source Statement, Dr. Strang found that Plaintiff was moderately limited in her abilities to understand, remember, and carry out simple instructions, make judgments on both simple and complex work-related instructions, and respond appropriately to usual work situations and changes in a routine setting; mildly limited in her abilities to interact appropriately

---

[2] Plaintiff also argues that the ALJ's hypothetical question to the vocational expert failed to accurately portray Plaintiff's impairments. This ground for remand is derivative of Plaintiff's argument pertaining to the ALJ's alleged errors in evaluating the medical opinion evidence.

6

with the public, supervisors, and co-workers; and markedly limited in her abilities to understand, remember, and carry out complex instructions. (PageID.2557–58.) Dr. Strang also found that Plaintiff had "marked impairment/[l]imitations with concentration [and] attention span." (PageID.58.)

The ALJ's RFC incorporated many of Dr. Strang's opinions by limiting Plaintiff to simple, routine, repetitive tasks, that require only brief, superficial contact with supervisors or the public, and involve only simple changes in routine work settings. (PageID.39.) However, the RFC omitted any limitation for concentration or attention span as reflected in Dr. Strang's findings. The ALJ did not explain why he did not include a limitation for concentration or attention span in his RFC finding.

"An ALJ is bound to adhere to certain governing standards when assessing the medical evidence in support of a disability claim." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004)). While an ALJ must consider all of the evidence in the record when making a disability determination, *id.* (citing 20 C.F.R. §§ 404.1520(a)(3), 404.1512(b), and 404.1513), he need not address all of it in his written decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). However, if a medical source's opinion contradicts the ALJ's RFC, the ALJ must explain why he did not include the medical source's limitation in his determination of the claimant's RFC. Pursuant to Social Security Ruling 96-8p, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 374184, at *7. When the ALJ fails to provide the required explanation, remand is appropriate. *See Howard v. Comm'r of Soc. Sec.*, No. 2:16-cv-1104, 2018 WL 852361, at *4-6 (S.D. Ohio Feb. 14, 2018),

*report and recommendation adopted,* 2018 WL 1136927 (S.D. Ohio Mar. 1, 2018) (recommending remand where the ALJ stated that the RFC was consistent with the opinion of the consultative examiner but did not explain why he did not incorporate all of the examiner's limitations in the RFC); *Reed v. Comm'r of Soc. Sec.*, No. 1:16-CV-572, 2017 WL 1531872, at *6 (W.D. Mich. Apr. 28, 2017) (remanding where the ALJ adopted a medical source's completed RFC worksheet but "did not explain why he did not adopt [a] portion of the opinion despite giving it great weight").

The Commissioner argues that the ALJ's "paragraph B" finding that Plaintiff was only moderately limited in her ability to concentrate, persist, and maintain pace, as well as the ALJ's citation to Plaintiff's reported activities, suffice to explain adequately the ALJ's decision not to accept Dr. Strang's limitations. (ECF No. 10 at PageID.2840.) But these findings do not equate to the required explanation. As noted in *Harkinson v. Commissioner of Social Security*, No. 2:18-cv-58, 2020 WL 240812 (S.D. Ohio Jan. 16, 2020), "[a]ny effort by this court to use other information in the record to explain the ALJ's failure to include those restrictions in plaintiff's RFC would constitute impermissible *post hoc* rationalization." *Id.* at *3 (citing *Lolasa v. Comm'r of Soc. Sec.*, No. 13-14311, 2015 WL 1119953, at *10 (E.D. Mich. Mar. 11, 2015)). Like the court in *Harkinson*, this Court declines to speculate about why ALJ Blatnik omitted Dr. Strang's limitations. Perhaps he considered them and had good reasons to omit them, or, maybe he missed the issue and would have included the omitted limitations in Plaintiff's RFC as well. Regardless, it is for ALJ, and not this Court, to explicate the basis for their omission.

Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). Because the Court is remanding based on the ALJ's failure to follow the proper

legal standard, the Court need not address the other issues Plaintiff raises.[3] *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## **CONCLUSION**

For the reasons stated herein, the Commissioner's decision will be **reversed and remanded** for further consideration consistent with this Opinion pursuant to sentence four of 42 U.S.C. § 405(g).

An Order consistent with this Opinion will enter.

Dated: March 24, 2020 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

---

[3] The ALJ also failed to explain properly why he gave Dr. Balunas's opinion significant weight but did not incorporate his finding that Plaintiff would be limited to one- and two-step tasks that do not require sustained concentration. It appears that, in this regard, Dr. Balunas's opinion may have been at odds with Dr. Strang's opinion. That failure would not necessarily constitute a basis for remand because adoption of such a limitation might not have materially affected the ALJ's step-five finding. In any event, the ALJ may re-examine this issue on remand, as the ALJ deems appropriate.